# Order

Michigan Supreme Court
Lansing, Michigan

March 28, 2008

134465

DOUGLAS VORIS,
          Plaintiff-Appellant,

v

DEPARTMENT OF HUMAN
SERVICES,
          Defendant-Appellee.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134465
COA: 273255
Shiawassee CC: 06-003668-DP

_____/

On order of the Court, the application for leave to appeal the April 19, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J., would grant leave to appeal.

KELLY, J., dissents and states as follows:

This case has its genesis in the proceedings for the termination of parental rights to Corbyn Voris. These proceedings were initially filed against Corbyn's biological parents, plaintiff Douglas Voris and Heather Cooper. After it was determined that, at the time of Corbyn's birth, Heather had been married to another man, Justin Cooper, the matter was amended to name Heather and Justin as the parents.

Plaintiff attempted to intervene. To do so, he had to rebut the presumption that Justin was the father. Plaintiff planned on rebutting the presumption by eliciting from Heather testimony about their affair. However, before the testimony could be taken, the prosecutor threatened Heather with prosecution for adultery if she testified that she had had sex with plaintiff while married to Justin. Accordingly, Heather invoked her Fifth Amendment rights and refused to answer plaintiff's questions. Plaintiff was unable to

rebut the presumption. The court stated that, if Heather had testified that plaintiff was Corbyn's biological father, plaintiff could have intervened.

After their parental rights to Corbyn were terminated, Heather and Justin divorced. In the divorce case, Justin claimed that he was not Corbyn's father. The trial judge agreed and ruled accordingly.

Following the entry of the divorce judgment, plaintiff brought this action under the Paternity Act[1] seeking a determination that he is Corbyn's father. Defendant Department of Human Services moved for summary disposition, arguing that plaintiff lacks standing. The trial court denied the motion, and defendant appealed. While the appeal was pending, the trial court granted summary disposition, ruling that plaintiff was Corbyn's father. But, the Court of Appeals reversed that determination, holding that plaintiff did not have standing to bring the paternity action. Plaintiff challenged that decision in this Court. A majority of the Court has decided to deny leave to appeal.

I disagree with that decision. My reasoning is as follows: The Paternity Act confers standing on the biological father of a child born out of wedlock.[2] By statute, a child born out of wedlock is "a child begotten and born to a woman who was not married from the conception to the date of birth of the child, or a child that the court has determined to be a child born or conceived during a marriage but not the issue of that marriage."[3] Accordingly, a biological father has standing to establish the paternity of a child born during a marriage where a prior determination was made that the mother's husband is not the father.[4]

Here, there is no issue about whether plaintiff is the biological father of Corbyn. But the Court of Appeals held that because plaintiff did not rebut the presumption that Justin was Corbyn's father in the termination proceedings, plaintiff cannot establish standing in the paternity proceedings. This Court should grant leave to appeal to consider whether the Court of Appeals made the correct decision.

No appeal was taken from the determination in the divorce proceeding that plaintiff was Corbyn's father. Hence, there was a prior court determination that Justin is not the father. This is all that Michigan law requires for plaintiff to establish standing under the Paternity Act. On the other hand, in the divorce proceeding it was unnecessary for the court to determine the identity of Corbyn's father because Heather and Justin's

---

[1] MCL 722.711 *et seq.*

[2] *In re KH*, 469 Mich 621, 631-632 (2004).

[3] MCL 722.711(a).

[4] *In re KH*, 469 Mich at 632.

parental rights had already been terminated. The court may not have had jurisdiction to decide whether Justin was Corbyn's father. I would grant leave to appeal to fully consider the strong arguments on both sides of this issue.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 28, 2008

Clerk